Haywood, J.
delivered the opinion of himself and Judge Peck: ;
Judge Whyte agreed in the result.
Jones sued Vance in his lifetime, in the Court of Pleas and Quarter Sessions for Washington County, and declared first, on an indebitatus as-sumpsit for work and labor done to the amount of $318.18 ; and secondly, on a quantum meruit, for the like services, for which he deserved to have the like sum. The defendant pleaded non assumpsit and payment: the defendant gave notice of set-off. The cause, after coming by appeal into the Circuit Court, was there tried, and a verdict and judgment were given for the plaintiff. A bill of exceptions was tendered and signed, and the cause came by appeal in the nature of a writ of error into this Court. From the bill of exceptions it appears that the plaintiff on trial proved the work done, and that the payment was to be partly in money and partly in iron. One of the witnesses said it was to be wholly in iron. The defendant lived at Jonesborough, in Washington County, when the contract was made, and still lives there; the plaintiff in Cocke County; and Warrens-burg, where the iron was to be delivered, is in Greene County.
The counsel for the defendant moved the Court to instruct the jury that the plaintiff could not maintain his action without proof of a demand made at the house of the defendant, or notice given according to act of Assembly. And the defendant also asked the Court to instruct the jury that *264 proof of a contract to pay in iron at Warrensburg would not support the declaration or contract set forth in it, and that the jury must not consider the contract to pay iron at Warrensburg when the work was done as supporting the' declaration. But the Court did not so instruct the jury, but charged them to the following effect: that if A contracted to work for B, and promised to receive in payment, after the completion of the work, iron, lead, or any other article, for the whole or in part; and B actually paid him or was ready and offered to pay, and A refused, in which latter case it should be pleaded, that would be a discharge of B. But if B wholly failed to do the one or the other, or to pay anything, then A might maintain the action for work and labor done. As to the Act of 1807, ch. 95, the Court stated to the jury that where a statute gives a remedy where none existed before, a defendant must, by pleading, bring his case within the statute, and if the defendant wished to defend himself under the statute he ought to have done so by pleading; and that any man was at liberty to waive the benefit of a statute, created for his benefit; which the defendant had done in this case, by not pleading and showing himself to be within its provisions.
It is contended for the defendant upon this statement of facts: —
First, that the Court should have instructed the jury that proof of a contract to pay money and iron did not support the statement of a contract to pay money only.
Secondly, that the Court ought not to have charged that the defendant by failing to plead a tender of the iron had waived his right to have notice of the time when he should pay it, and of the Act of 1807, ch. 95.
As to the first point, every contract stated in a declaration should tally precisely with the evidence given to support it. Proof of a contract to pay money and iron, or iron only, is no proof of a contract stated to pay money only; and so the Court should have instructed the jury; and for want of such instruction, when requested, as it was, to be given by the Court, the verdict ought not to stand.
In order to see whether, as charged, a tender was necessary.to be pleaded by the defendant, to prevent a waiver of his right under the Act of 1807, ch. 95, it will be proper to take a view of that Act, and to fix its construction, and to determine whether or not the plaintiff was bound to give notice, supposing the contract to have been for money and iron, or for iron only; and whether by a failure on the part of the defendant to plead a tender, the plaintiff was released from the legal obligation to give notice as required by this Act, and could commence and maintain his action without it.
Upon a close examination of the Act, the following conclusions seem to result.
If the place be not fixed by the contract, and both the payee and payor *265 live in the county where the contract was made, the payee must give ten days’ notice of the place, where he will receive the specific article, which is to be delivered, which place must be as near the residence of the payor as his own residence ;. and if no notice be given, or not by the space of ten days, or if the place specified, be more remote from the residence of the payor than of himself, then the property shall be payable at the place of residence of the payor; and the payee, before institution of his action, must demand the article which is to be delivered at the usual residence of the payor. The ten days’ notice is to enable the defendant to prepare for the removal of the property, and actually to make the removal, but if not to be removed, then he is to be ready at the time appointed without any preparatory warning.
If the place be not fixed, and the payee live out of the county, the notice cannot be given, for if by notice he fix a place, as near to the residence of the payor as of himself, that place may be out of the county, and may not be accessible, but by traversing several counties. It may be as near to the residence of the payor, and yet a hundred or five hundred miles farther than was the residence of the payor from the payee, at the time when the contract was made. To allow therefore of such a notice, would subject the defendant to a greater burden than he was before subject to, and that too by the operation of a law made professedly for his benefit, and to make his situation less burdensome than before it was. For before the Act, the defendant must have requested of the plaintiff to appoint the place, which must have been within the State, but if now obliged to go half-way to the plaintiff after his removal, he may have to go to a place out of the State. Therefore, by removal, the plaintiff cannot lengthen the distance to the place of delivery; and if he give notice half-way between their respective places of residence, as the same were at the time of making the contract, that will not be the notice which the Act requires. But by disabling himself to give the notice, the payee cannot take from the payor the right to pay at his own residence, and must demand the article there before the institution of his action.
If the payor be out of the county where the contract was made, the case is out of the Act, and at the common law, by which the payor must request of the payee to appoint a place, and the payee may sue when the time of payment arrives, without a demand, and the defendant must plead a tender if he can, or that he was ready and offered to pay, if the plaintiff would have appointed a place.
If both payee and payor be out of the county, the case is out of the Act, and the payee cannot give the notice prescribed by it. The half-way point in such case may be at a much greater distance than the half-way point between the payee and payor at the time of the contract.
If the place be fixed by the .contract, and the time not, and both live in *266 the county where the contract was made, ten days’ notice must he given by the payee of the day when he will apply at that place, that the payor may be ready on that day to make the delivery, and if such notice be not given the plaintiff will not be permitted to maintain his action.
If the place be fixed and the time not, and both live out of the county, the plaintiff need not give ten days’ notice of the time, for the payor may be in a far distant part of the world, where notice cannot perhaps be given without more expense than the debt is worth ; but the case is at the common law, and the plaintiff may sue when he pleases, and the defendant must plead a notice to the plaintiff, that he would pay at a certain day, at the place specified, and a tender at that day, and that he was there ready; Co. Lift. 211; Dyer, 354; and this, if true, would exempt him from the action.
If the payor live out of the county, and the payee within, and the place be fixed, but the time not, the case is out of the Act, for the payor may have removed to a place in the State four hundred miles farther from the payee than he was, or to a place five thousand miles beyond the limits of the State, and then the operation of the Act would be to destroy the claim of the plaintiff, for he could not in most instances bear the expense of giving notice. The plaintiff in such case must sue when he pleases, and the defendant may plead that he had given notice
of the time, and a tender at that time, and an always ready ever since.
If the payor be within the county and the payee out of if, and the place be fixed, but the time not, the plaintiff cannot by voluntary removal discharge himself of the duty imposed on him by this Act, but is in the same situation precisely as if he had not removed at all, and must give notice of the time when he will receive the article, ten days before the day he may appoint for that purpose. And whenever the notice is necessary, either of time or place, the same should be stated in the declaration, to show that the plaintiff is entitled to the action, and the defendant may plead to it, as before is mentioned, or by the general issue may deny the whole declaration, and amongst other things that the notice stated therein was given, in like manner as where the plaintiff cannot sue without a special request, he must state the same specially in his declaration, and prove it on the trial if denied.
If the place be fixed and the time not, and the payor live in the county where the contract was made, and the payee in another county, and the , place fixed be in a third county, and no change of circumstances has been effected by the removal of either, the notice to the defendant of the time when he must get ready to deliver at the place fixed in the third county, is equally necessary to enable him to do so, as the like notice is when the place fixed is within the county where the contract was made, and is a case within the Act, and the action cannot be sustained without the notice required by it.
Note. —Judge Haywood gives, in this case, an exhaustive analysis of the Act of 1807, 95,1 (Code 1790) and the rights of parties, especially as to notice, under contracts within its provisions.
In Shelby v. Wynne, M. & Y. 93, the Court comment upon that part of Judge Haywood’s opinion which holds that an averment of demand, or notice, must he made in the declaration, and say that two of the members of the Court who decided this case were then present, and stated that neither 'of them concurred in the reasoning of the judge who delivered the opinion on that point. The ease of Denton v. Moore, 2 Tenn. 168, is cited as having long before settled the law otherwise. — Ed.
Upon this Act, then, in respect of its construction, the judge of the Circuit Court has erred, and has given an incorrect charge to the jury. For no plea of tender of the iron was necessary or proper; nor could a failure to plead it be productive of the waiver, which the Court attributed to it, the iron being deliverable at Warrensburg, in another county, and the action being not sustainable without notice to the defendant of the time when the plaintiff would receive it.
The want of averring the notice in the declaration renders it defective, and therefore it may he supposed that the proceedings ought to be stopped here, and should not be remanded for a new trial. This Court cannot perceive whether, under the charge of the Circuit Court and the evidence given to the jury, they believed that this contract was originally for money only, or for money and iron, or for iron only, and in the latter instances reduced to a money contract by the waiver on the part of the defendant to plead the tender, which the Circuit Court deemed requisite. And therefore the issue should be again submitted without the embarrassment of that charge, when it is possible they may still believe the contract to have been for the payment of money. And besides this the Circuit Court may possibly, upon an application by the plaintiff, give leave to amend the declaration by inserting that the notice was given, or it may be proved on the trial without any notice to be given on the part of the plaintiff, the time of delivery was fixed by the original contract, namely: when the work was finished, and by proof of the day when that happened, in which case notice will not be necessary.
Reverse the judgment of the Circuit Court and remand the cause to be tried de novo.